IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM SUMMEROUR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNAL REVENUE SERVICE, *et al.* )<br>)<br>Defendants. )<br>_____) | Case No. 1:23-cv-2442-LLA<br><br>District Judge Loren L. AliKhan |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**


Dated: April 15, 2024

DAVID A. HUBBERT
Deputy Assistant Attorney General


*/s/ Moira E. Goodwin*
MOIRA E. GOODWIN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-307-6514 (phone)
202-514-6866 (fax)
moira.e.goodwin@usdoj.gov
D.C. Bar ID: 1780293

## **TABLE OF CONTENTS**

I.   Introduction ................................................................................................................... 4

II.  This suit is barred by the Anti-Injunction Act because it seeks to restrain the assessment or collection of a tax. ............................................................................................................. 5

   a.   The Section 6695A penalty is a tax for purposes of the Anti-Injunction Act. ...................... 5

   b.   Plaintiff's suit seeks to restrain the assessment and collection of the Section 6695A penalty, which means it is barred by the Anti-Injunction Act. ................................................... 6

III. Because this suit is barred by the Anti-Injunction Act, this Court lacks jurisdiction. ......... 8

IV.  Conclusion .................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*CIC Services, LLC v. Internal Revenue Serv.*,
   593 U.S. 209 (2021) ..................................................................................................5, 6, 7, 8

*Def. Arlington v. U.S. Dep't of Def.*,
   2023 WL 8600567 (D.D.C. Dec. 12, 2023) ..................................................................8, 9

*Larson v. United States*,
   888 F.3d 578 (2d Cir. 2018) ...............................................................................................8

*Optimal Wireless LLC v. Internal Revenue Serv.*,
   77 F.4th 1069 (D.C. Cir. 2023) ..........................................................................................5

*Smith v. Comm'r*,
   133 T.C. 424 (2009) ...........................................................................................................8

**Statutes**

5 U.S.C. § 701(a)(1) ..................................................................................................................9

5 U.S.C. § 704 ..........................................................................................................................9

26 U.S.C. § 6671(a) ..................................................................................................................5

26 U.S.C. § 6695A ............................................................................................................ *passim*

26 U.S.C. § 6725 ......................................................................................................................5

I.      **Introduction**

Plaintiff prepared three property appraisals that the IRS determined misstated the values of the appraised properties. Under 26 U.S.C. § 6695A, the IRS is empowered to assess penalties against appraisers who it determines misstated the value of appraised properties. Because the IRS determined that Plaintiff's appraisal reports misvalued the properties, it sent him a letter informing him it intended to assess Section 6695A penalties against him. Rather than paying the penalties, submitting a claim for refund, and filing a refund suit if the IRS denied the claim, Plaintiff "initiated this action to enjoin the assessment of the section 6695A penalty." Dkt. 18 at 8.[1] Because the Anti-Injunction Act forbids an action "to enjoin the assessment" of a tax, the Internal Revenue Service moved to dismiss.

In its motion to dismiss, the Internal Revenue Service explained that this suit is barred by the Anti-Injunction Act as a suit to restrain the assessment or collection of a tax, dkt. 15-1 at 9–11, that it does not fall into any of the recognized exceptions to the Anti-Injunction Act,[2] *id.* at 11–12, and that the Anti-Injunction Act prohibits all suits brought to restrain tax assessment or collection, including suits alleging the agency exceeded its statutory authority in proposing or making the challenged assessment, *id.* at 12–14. Nothing in Plaintiff's response in opposition rebuts that analysis.

The Anti-Injunction Act bars all suits to restrain the assessment or collection of a tax. The Section 6695A penalty is deemed a tax for purposes of the Anti-Injunction Act. Plaintiff's

---

[1] When a document's internal pagination is inconsistent with the page number stamped by ECF, this brief uses the ECF page number.

[2] Plaintiff concedes that the recognized exceptions to the Anti-Injunction Act are "not relevant" to this suit. Dkt. 18 at 14.

complaint seeks to restrain the assessment or collection of the Section 6695A penalty. This suit requires straightforward application of the Anti-Injunction Act and must be dismissed.

> **II.     This suit is barred by the Anti-Injunction Act because it seeks to restrain the assessment or collection of a tax.**

Plaintiff spends the bulk of his response in opposition arguing that the Anti-Injunction Act does not bar his suit, either because the Section 6695A penalty is not a tax, or because the Supreme Court created a new exception to the Anti-Injunction Act in *CIC Services*. Plaintiff is incorrect on both fronts.

> **a.     The Section 6695A penalty is a tax for purposes of the Anti-Injunction Act.**

Plaintiff first argues the Section 6695A penalty is not a tax for purposes of the Anti-Injunction Act. Dkt. 18 at 14–16. Plaintiff is mistaken. Whether a tax penalty is treated as a tax for purposes of the Anti-Injunction Act is governed by ordinary principles of statutory interpretation. *Optimal Wireless LLC v. Internal Revenue Serv.*, 77 F.4th 1069, 1073 (D.C. Cir. 2023). In this case, the statute is clear. For purposes of the Tax Code (and thus for purposes of the Anti-Injunction Act, located within the Tax Code), penalties located in Subchapter 68B are deemed taxes. 26 U.S.C. § 6671(a). Section 6695A is located within Subchapter 68B, which spans from 26 U.S.C. § 6671 through 26 U.S.C. § 6725. The Section 6695A tax penalty is a tax for purposes of the Anti-Injunction Act. *Cf. CIC Services, LLC v. Internal Revenue Serv.*, 593 U.S. 209, 217 (2021) (noting the § 6707A penalty—also within Subchapter 68B—is deemed a "tax" as the Anti-Injunction Act uses the term).

Because the Section 6695A penalty is deemed a tax for purposes of the Anti-Injunction Act, the Act bars this suit to restrain the assessment or collection of the Section 6695A penalty in the same manner and to the same extent it bars a suit to restrain the assessment or collection of any other tax. *Cf. Optimal Wireless LLC*, 77 F.4th at 1073.

### b. Plaintiff's suit seeks to restrain the assessment and collection of the Section 6695A penalty, which means it is barred by the Anti-Injunction Act.

In his own words, "Mr. Summerour initiated this action to enjoin the assessment of the section 6695A penalty." Dkt. 18 at 8. Yet Plaintiff contends that even if the Section 6695A penalty is deemed a tax for purposes of the Anti-Injunction Act, Supreme Court precedent holds his suit may nevertheless proceed so long as the challenged penalty is sufficiently removed from the ultimate collection of income taxes from "downstream" taxpayers. Dkt. 18 at 16–17. Plaintiff's argument misreads *CIC Services*.

In *CIC Services*, a plaintiff brought a pre-enforcement, Administrative Procedure Act challenge to an IRS Notice that required it to submit annual information reports to the IRS. *CIC Servs., LLC*, 593 U.S. at 213–15. If a regulated party failed to submit the relevant report, it would be subject to a tax penalty and could face criminal prosecution. *Id.* at 214. The plaintiff in *CIC Services* filed suit before the effective date of the reporting requirement at issue; no failure-to-report penalty had been assessed. *Id.* Initially, the lower courts held the Anti-Injunction Act barred the suit. *Id.* at 215. While the target of the suit was the reporting requirement, the lower courts reasoned that if that reporting requirement were enjoined, the Service would ultimately be unable to assess the back-end penalty for noncompliance with that reporting requirement. *Id.* Thus, the lower courts held that the challenge to the reporting requirement was barred by the Anti-Injunction Act. *Id.*

The Supreme Court reversed, but not because the Section 6707A failure-to-report penalty was not a tax for purposes of the Anti-Injunction Act. The Supreme Court held that the challenge to the reporting requirement was not a suit to restrain the assessment or collection of a tax, even if the challenge may ultimately impede the assessment of a tax. *Id.* at 216. The plaintiff in *CIC Services* sought to challenge a reporting requirement, which, the Court held, is a phase of tax

administration procedure before assessment or collection. *Id.* at 216. The face of the plaintiff's complaint made clear that the target of the suit was the reporting requirement, rather than the tax penalty that could be assessed if the plaintiff failed to comply with the reporting requirement. *Id.* at 219. And, crucially, because the plaintiff had not refused to comply with the reporting requirement and had not been assessed the failure-to-report penalty, the plaintiff could not make its notice-and-comment arguments in a Section 7422 refund suit. *Id.* at 220–22.

The Supreme Court noted that CIC Services stood "nowhere near the cusp of tax liability: Between the upstream Notice and the downstream tax, the river runs long." *Id.* at 221. Plaintiff plucks this sentence from its context and misunderstands the metaphorical points along the river. *E.g.*, dkt. 18 at 16. In *CIC Services*, point A, the upstream Notice, created the reporting requirement that was the target of the suit. Point B, the downstream tax, was the Section 6707A penalty that the plaintiff would have incurred if it failed to comply with the reporting requirement. The Supreme Court observed that the several steps between point A and point B meant that a suit challenging the notice requirement was not a suit seeking to restrain the failure-to-report penalty. *CIC Servs., LLC*, 593 U.S. at 221.

Here, in contrast, point A—the target of the suit—is the Section 6695A penalty. But point B—the relevant tax—is *also* the Section 6695A penalty. As explained above, it is the Section 6695A penalty itself that is treated as the tax for purposes of the Anti-Injunction Act. Whatever income tax is ultimately imposed on Plaintiff's clients downstream at point Z is of no moment to the *CIC Services* analysis. This suit, on the face of the Complaint, seeks to restrain assessment or collection of a tax. There is no "river" analysis to be done.

Unlike the plaintiff in *CIC Services*, Plaintiff has already taken the steps necessary to trigger the challenged penalty. He has prepared the appraisals, and the IRS has determined that

those appraisals misstated the values of properties. He either already has been assessed the tax penalty, or, at minimum, stands on the cusp of that tax liability. The target of Plaintiff's suit is the Section 6695A penalty, deemed a tax for purposes of the Anti-Injunction Act. Because Plaintiff seeks to challenge the assessment or collection of a tax, "the sole recourse is to pay the tax and seek a refund." *Id.* at 224.

### III. Because this suit is barred by the Anti-Injunction Act, this Court lacks jurisdiction.

As explained in the Internal Revenue Service's motion to dismiss, the Anti-Injunction Act bars all prepayment challenges to assessable penalties, including constitutional challenges. Dkt. 15-1 at 12. Thus, the merits of Plaintiff's constitutional and statutory challenges to the Section 6695A penalties are of no moment to this motion to dismiss for lack of subject-matter jurisdiction.

The few non-merits, non-Anti Injunction Act arguments Plaintiff makes in his opposition do not move the needle. For one, Plaintiff complains that the Section 6695A penalty does not have an abatement mechanism. Dkt. 18 at 25. The same was true of the Section 6707A penalty in *CIC Services*. *See Smith v. Comm'r*, 133 T.C. 424, 428–30 (2009). And if the plaintiff in *CIC Services* had sought to enjoin the 6707A penalty—as Plaintiff seeks to enjoin assessment of the Section 6695A penalty here—the Supreme Court made clear that its recourse would have been to pay the tax and seek a refund. *CIC Servs., LLC*, 593 U.S. at 224; *see also Larson v. United States*, 888 F.3d 578, 585–86 (2d Cir. 2018) (holding lack of prepayment review did not violate the requirements of due process).

Second, Plaintiff raises a new argument under the Administrative Procedure Act. Dkt. 18 at 29–30. But Plaintiff's complaint does not raise an APA challenge, and he cannot raise that claim for the first time in opposition to a motion to dismiss. *See Def. Arlington v. U.S. Dep't of*

*Def.*, 2023 WL 8600567, at 13 n.11 (D.D.C. Dec. 12, 2023) (citing *Statewide Bonding, Inc. v. U.S. Dep't of Homeland Sec'y*, 980 F.3d 109, 117 n.5 (D.C. Cir. 2020)). Regardless, an APA challenge is unavailable here because the object of Plaintiffs' challenge is a statute and the Anti-Injunction Act precludes prepayment judicial review, 5 U.S.C. § 701(a)(1), and a tax refund suit provides an adequate non-APA remedy, 5 U.S.C. § 704.

Finally, Plaintiff generally attempts to cast this as "a case about whether the rules apply to the IRS." Dkt. 18 at 8. But as the government explained in its motion to dismiss, Plaintiff is free to litigate his statutory and constitutional challenges to the Section 6695A penalty. Judicial review is available to him. He simply must pay the penalty first and sue for a refund, as is true of any taxpayer seeking review of a tax assessment in federal district court.

### IV. Conclusion

Plaintiff concedes that no recognized exception to the Anti-Injunction Act is relevant to this case. Dkt. 18 at 14. Plaintiff has made clear that he "initiated this action to enjoin the assessment of the section 6695A penalty." *Id.* at 8. The Section 6695A penalty is deemed a tax for purposes of the Anti-Injunction Act. Plaintiff's challenges to the Section 6695A penalty—whether they be statutory or constitutional—are thus barred by the Anti-Injunction Act.

Dated: April 15, 2024

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Moira E. Goodwin*
MOIRA E. GOODWIN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-307-6514 (phone)
202-514-6866 (fax)
moira.e.goodwin@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of April, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered to receive it.

*/s/ Moira E. Goodwin*
MOIRA E. GOODWIN
Trial Attorney
United States Department of Justice, Tax Division