UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM SUMMEROUR, *Plaintiff*, v. INTERNAL REVENUE SERVICE, *et al.*, *Defendants*. | Civil Action No. 23-2442 (LLA) |

## MEMORANDUM OPINION

Plaintiff William Summerour challenges penalties assessed under 26 U.S.C. § 6695A. ECF No. 1. Defendants are the Internal Revenue Service and its Commissioner, Daniel Werfel (collectively, the "IRS"). *Id.* The IRS moves to dismiss Mr. Summerour's complaint for lack of jurisdiction under the Anti-Injunction Act, 26 U.S.C. § 7421. ECF No. 15. For the reasons explained below, the court will grant Defendants' motion to dismiss.

### I. Background

This suit concerns conservation easements and the tax deductions that property owners receive for them. "A conservation easement is a permanent agreement between a property owner and a land trust, nonprofit, or government entity through which the owner gives up some of her rights of ownership in order to advance conservation purposes." 177 Am. Jur. 3d *Propriety and Amount, for Federal Tax Purposes, of Charitable Deduction Arising from Donation of Conservation Easement* § 1 (2019). Under the Internal Revenue Code, Congress allows tax deductions for "qualified conservation contribution[s]," 26 U.S.C. § 170(f)(3)(B)(iii), including conservation easements, *see id.* § 170(h). To qualify for a conservation easement deduction, the taxpayer must provide, with their tax return, an appraisal of the property from a "qualified

appraiser." *Id.* §§ 170(f)(11)(C)-(E). The IRS then determines the deduction amount based on the difference between the land's appraised value with and without the conservation easement. ECF No. 15, at 5. Concerned that taxpayers might use false appraisals to artificially inflate their deductions, Congress included a provision allowing the IRS to impose penalties on appraisers who substantially or grossly misvalue a property. 26 U.S.C. § 6695A; *see, e.g.*, *Benson v. Internal Revenue Serv.*, No. 21-CV-74, 2022 WL 2347366, at *1-2 (N.D. Ga. June 6, 2022) (discussing the IRS's assessment of Section 6695A penalties against licensed appraisers).

Mr. Summerour is a licensed real estate appraiser in Louisiana and Mississippi and a partner at Murphy Appraisal Services, LLC. ECF No. 1 ¶¶ 10, 12. At some point before September 2020, Mr. Summerour appraised three properties in New Orleans, Louisiana. *Id.* ¶¶ 34-35. For each property, he created an appraisal report. *Id.* ¶ 34(b). Third parties used those appraisal reports to claim conservation easement deductions on their 2019 tax returns, which were filed in September 2020. *Id.* ¶¶ 34, 35. Subsequently, the IRS opened audits on the three tax returns that included Mr. Summerour's appraisals. *Id.* ¶ 36.

In a letter dated July 26, 2023, the IRS informed Mr. Summerour that, for the three appraisal reports he had prepared, it intended to assess against him Section 6695A penalties totaling $187,500. *Id.* ¶¶ 33, 37. The IRS claimed that Mr. Summerour had grossly misvalued each property, with his greatest overvaluation being 5,558% more than the IRS's own appraisal. *Id.* ¶ 38; ECF No. 1-2, at 5-12. Mr. Summerour has not yet paid the penalties. ECF No. 15, at 7.

## II.  Procedural History

Mr. Summerour brought this suit in August 2023 to prevent the IRS from imposing $187,500 in Section 6695A penalties. ECF No. 1. He argues that the penalties are improper either (1) because the IRS misinterpreted Section 6695A to permit it to assess penalties on an appraiser before making a "final determination" that the appraisal actually caused a third party to underpay

its taxes, *id.* ¶¶ 3-6, 58-62; or (2) because Section 6695A is an unconstitutional bill of attainder, *id.* ¶¶ 3, 6, 63-66.  As relief, Mr. Summerour seeks various injunctive, declaratory, and mandamus remedies to prohibit the IRS from imposing the Section 6695A penalties on him before making a final determination that the third parties underpaid their taxes.  *Id.* at 21-22 (Requests for Relief).

In December 2023, the IRS moved to dismiss Mr. Summerour's complaint under Federal Rule of Civil Procedure 12(b)(1).  ECF No. 15.  It argues that the court lacks subject-matter jurisdiction because the Anti-Injunction Act, 26 U.S.C. § 7421, bars the suit.  ECF No. 15-1, at 5.

### III.     Legal Standard

"Article III of the Constitution prescribes that '[f]ederal courts are courts of limited subject-matter jurisdiction' and 'ha[ve] the power to decide only those cases over which Congress grants jurisdiction.'"  *Bronner ex rel. Am. Stud. Ass'n v. Duggan*, 962 F.3d 596, 602 (D.C. Cir. 2020) (alterations in original) (quoting *Al-Zahrani v. Rodriguez*, 669 F.3d 315, 317 (D.C. Cir. 2012)).  The plaintiff bears the burden of demonstrating the court's subject-matter jurisdiction over the claim at issue.  *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015).  If the court lacks subject-matter jurisdiction, it must dismiss the case.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).

### IV.     Discussion

The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."  26 U.S.C. § 7421(a).  The IRS argues that the Anti-Injunction Act bars Mr. Summerour's suit because it targets the assessment of a Section 6695A penalty, which it contends is a tax.  ECF No. 15, at 9-12; ECF No. 19, at 5-9.  Mr. Summerour counters that the Anti-Injunction Act does not apply because his suit does not target the tax itself; rather, he claims the suit targets the IRS's failure to comply with

procedural requirements before assessing the tax. ECF No. 18, at 7-11. Mr. Summerour also argues that the court has subject-matter jurisdiction through *ultra vires* review. ECF No. 18, at 12-14.

The court concludes that Mr. Summerour's suit seeks to enjoin the payment of a tax and is thus barred by the Anti-Injunction Act. Because the court finds no other basis for subject-matter jurisdiction, it will dismiss the suit.

### A.   Anti-Injunction Act

As noted, the Anti-Injunction Act directs that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). "Because of the Act's general prohibition against suits seeking to restrain the assessment or collection of a tax, 'taxes can ordinarily be challenged only after they are paid, by suing for a refund.'" *Optimal Wireless LLC v. Internal Revenue Serv.*, 77 F.4th 1069, 1073 (D.C. Cir. 2023) (quoting *Natl. Fed'n of Indep. Bus. v. Sebelius* ("*NFIB*"), 567 U.S. 519, 543 (2012)). In this way, the Anti-Injunction Act "protects the Government's ability to collect a consistent stream of revenue, by barring litigation to enjoin or otherwise obstruct the collection of taxes." *NFIB*, 567 U.S. at 543.[1]

To determine whether the Anti-Injunction Act divests the court of jurisdiction in the instant case, the court must determine both whether a Section 6695A penalty is a "tax" under the Act, and whether Mr. Summerour's suit targets that tax. *See* 26 U.S.C. § 7421(a); *Optimal Wireless LLC*,

---

[1] There are exceptions to the Anti-Injunction Act's bar, including several enumerated by the statute, *see* 26 U.S.C. § 7421(a), and two created by courts, *see Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962) (recognizing an exception where the court has equity jurisdiction and there are no circumstances under which the government could prevail in an eventual refund suit); *South Carolina v. Regan*, 465 U.S. 367, 373 (1984) (recognizing an exception where "Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax."). The parties agree that none of these exceptions applies here.

77 F.4th at 1073-75 (analyzing both the suit's target and whether that target was a tax to determine that the Anti-Injunction Act applied). If the assessed penalties are a tax and that tax is the target of Mr. Summerour's suit, then the Anti-Injunction Act bars the suit.

### 1.     The Section 6695A penalty is a tax

While "Congress cannot change whether an exaction is a tax or a penalty for *constitutional* purposes simply by describing it as one or the other," it can "describe something as a penalty but direct that it nonetheless be treated as a tax for purposes of the Anti-Injunction Act." *NFIB*, 567 U.S. at 544 (emphasis in original). Section 6695A is located in Subchapter 68B of the Internal Revenue Code. That subchapter directs that "any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the *penalties and liabilities* provided by this subchapter." 26 U.S.C. § 6671(a) (emphasis added). By operation of Section 6671, the "[p]enalties in Subchapter 68B are thus treated as taxes under Title 26, which includes the Anti-Injunction Act." *NFIB*, 567 U.S. at 544-45.

### 2.     Mr. Summerour's suit targets a tax

"The Anti-Injunction Act kicks in when the target of a requested injunction is a tax obligation[.]" *CIC Servs., LLC v. Internal Revenue Serv.*, 593 U.S. 209, 218 (2021). In determining the "target" of a suit, the court must "inquire not into a taxpayer's subjective motive, but into the action's objective aim—essentially, the relief the suit requests." *Id.* at 217. If "there is no target for an injunction other than the command to pay the tax," then the Anti-Injunction Act "bars pre-enforcement review . . . [a]nd it does so always—whatever the taxpayer's subjective reason for contesting the tax at issue." *Id.* at 224.

The relief Mr. Summerour seeks is to avoid paying the $187,500 in penalties the IRS has assessed under Section 6695A. ECF No. 1, at 21-22 (Requests for Relief). While he variously frames his requested relief as "[a] writ of mandamus," "a declaratory judgment," or "[a] permanent

5

injunction," the end result is an order from this court declaring that the IRS erroneously imposed the Section 6695A penalties and cannot collect them. *Id.* In this way, Mr. Summerour's suit plainly targets a tax. *See Optimal Wireless LLC*, 77 F.4th at 1073 (affirming dismissal of tax suit under the Anti-Injunction Act where the requested relief would have prohibited the IRS from collecting the imposed exactions).

Mr. Summerour resists the conclusion that his suit targets a tax, arguing that his allegedly inflated appraisals are too far removed—and thus too attenuated—from the agency's ability to collect taxes. *See* ECF No. 18, at 14-20. As support, he relies on *CIC Services*. There, the plaintiff challenged reporting requirements that, if violated, could have resulted in penalties. 593 U.S. at 214-15. Because the plaintiff had not yet violated those requirements and been subjected to a penalty, the Supreme Court held that the Anti-Injunction Act did not bar the suit. *Id.* at 220-21. As the Court explained, a "threefold contingency" had to occur for the IRS to impose a penalty (and for the Anti-Injunction Act to be triggered): the plaintiff would have to violate the reporting requirements; the IRS would have to determine that a violation occurred; and the IRS would have to impose a tax penalty. *Id.* Given that none of these steps had occurred, the Court determined that "CIC stands nowhere near the cusp of tax liability," explaining that "[b]etween the upstream [reporting requirement] and the downstream tax, the river runs long." *Id.* at 221.

Mr. Summerour brings this suit in a very different posture: he has already incurred the penalty and now refuses to pay. ECF No. 1 ¶ 33; ECF No. 15, at 7. His requested relief is not a reprieve from any regulation, the violation of which would *trigger* a Section 6695A penalty, but rather an order from this court prohibiting the IRS from collecting a penalty it has already assessed. ECF No. 1, at 21-22 (Requests for Relief). In other words, the *CIC Services* plaintiff sought relief from a regulation *ex ante*—before violation of any requirement or imposition of any penalty—so

6

the Anti-Injunction Act did not yet have a role to play. *CIC Servs., LLC*, 593 U.S. at 220-21. Here, Mr. Summerour seeks relief *ex post*—after the IRS has imposed penalties—which is the prototypical posture of a case barred by the Anti-Injunction Act. *CIC Services* is therefore inapposite, and Mr. Summerour cannot rely on it to evade the Act.

Instead, Mr. Summerour's claim is more like that brought in *Optimal Wireless*. There, the plaintiff sought an injunction barring the IRS from collecting exactions imposed on entities that failed to comply with the Affordable Care Act's employer mandate. 77 F.4th at 1071-72. The plaintiff complained that the IRS had not fulfilled certain procedural requirements before imposing the exactions—much like Mr. Summerour does here. *Id.* at 1072. The Court nevertheless held that the Anti-Injunction Act barred the suit because it sought to prevent collection of a tax. *See id.* at 1070-71, 1076. As in *Optimal Wireless*, because Mr. Summerour's suit targets the assessment of a Section 6695A penalty, which is a "tax," the Anti-Injunction Act bars his suit.

### B.   *Ultra Vires* Review

Notwithstanding the Anti-Injunction Act, Mr. Summerour contends that the court has subject-matter jurisdiction because the IRS's actions are *ultra vires*. ECF No. 18, at 12-14. *Ultra vires* actions are those taken "in clear excess of statutory authority." *Fed. Express Corp. v. U.S. Dep't of Com.*, 39 F.4th 756, 762 (D.C. Cir. 2022). "[T]he case law in this circuit is clear that judicial review is available when an agency acts *ultra vires*." *Aid Ass'n for Lutherans v. U.S. Postal Serv.*, 321 F.3d 1166, 1173 (D.C. Cir. 2003).

*Ultra vires* review is a "Hail Mary pass." *Nyunt v. Chairman, Broad. Bd. of Governors*, 589 F.3d 445, 449 (D.C. Cir. 2009). It applies "only where (i) the statutory preclusion of review is implied rather than express; (ii) there is no alternative procedure for review of the statutory claim; and (iii) the agency plainly acts 'in excess of its delegated powers and contrary to a specific prohibition in the' statute that is 'clear and mandatory.'" *Id.* (internal citations omitted) (quoting

7

*Leedom v. Kyne*, 358 U.S. 184, 188 (1958)).  Mr. Summerour's suit plainly does not satisfy either of the first two conditions of the *Nyunt* test, which is fatal to his argument for *ultra vires* review and obviates the need for the court to consider the third condition.  *See id.* (stating that *ultra vires* review requires the first two conditions "and" the third).

    **1.**    **The Anti-Injunction Act expressly precludes judicial review at this stage**

*Ultra vires* review "is available where . . . there is no express statutory preclusion of all judicial review."  *Fed. Express Corp.*, 39 F.4th at 763.  Only express statutory preclusion bars *ultra vires* review; implied preclusion is insufficient.  *See Bd. of Governors of Fed. Rsrv. Sys. v. MCorp Fin., Inc.*, 502 U.S. 32, 44 (1991) ("[O]nly upon a showing of 'clear and convincing evidence' of a contrary legislative intent should the courts restrict access to judicial review." (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 141 (1967))).  Express preclusion of review will control even where "the [case's] underlying merits seem obvious."  *DCH Reg'l Med. Ctr. v. Azar*, 925 F.3d 503, 509 (D.C. Cir. 2019).

"Whether and to what extent a particular statute precludes judicial review is determined not only from its express language, but also from the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved."  *Am. Clinical Lab'y Ass'n v. Azar*, 931 F.3d 1195, 1204 (D.C. Cir. 2019) (quoting *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 345 (1984)).  Here, the Anti-Injunction Act states that "*no suit* for the purpose of restraining the assessment or collection of any tax shall be maintained in *any court* by any person."  26 U.S.C. § 7421(a) (emphases added).  This language expressly bars courts from entertaining such suits and precludes judicial review.  *See Optimal Wireless LLC*, 77 F.4th at 1073 ("[T]here is no dispute that the Anti-Injunction Act is jurisdictional—i.e., that it 'deprive[s] the District Court of jurisdiction' when it applies." (quoting *Bob Jones Univ. v. Simon*, 416 U.S. 725, 749 (1974))).  As for the Anti-Injunction Act's objectives, "[t]he manifest purpose of [the

8

Anti-Injunction Act] is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Williams Packing*, 370 U.S. at 7.  As the Supreme Court has explained, Congress enacted the Anti-Injunction Act in response to a wave of litigation challenging the nation's first income taxes.  *See CIC Servs., LLC*, 593 U.S. at 211-12.  Thus, because the language, objectives, and history of the Anti-Injunction Act all provide clear and convincing evidence of Congress's intent to restrict access to judicial review, *ultra vires* review is unavailable.  *Fed. Express Corp.*, 39 F.4th at 763.

### 2. Mr. Summerour has an alternative procedure for review

Even if the Anti-Injunction Act did not expressly preclude judicial review, *ultra vires* review would be unavailable because an alternative procedure for review exists.  *See Nyunt*, 589 F.3d at 449 (explaining that *ultra vires* review applies "only where . . . there is no alternative procedure for review of the statutory claim").  Here, Mr. Summerour can pursue judicial review by filing a refund suit.  *See* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any . . . penalty claimed to have been collected without authority . . . *until* a claim for refund or credit has been duly filed with the Secretary." (emphasis added)); *Williams Packing*, 370 U.S. at 7 ("The manifest purpose of [the Anti-Injunction Act] is . . . to require that the legal right to the disputed sums be determined in a suit for refund.").  Because Section 7422 provides an alternative pathway to review, *ultra vires* review is unavailable.

## V.     Conclusion

For the foregoing reasons, the court will grant the Defendants' motion to dismiss, ECF No. 15.[2]  A separate order will issue.

/s/ Loren L. AliKhan<br>
LOREN L. ALIKHAN<br>
United States District Judge

Date: July 16, 2024

---

[2] Because the court is dismissing for lack of subject-matter jurisdiction, it need not address Mr. Summerour's merits arguments that the IRS has misinterpreted Section 6695A, ECF No. 18, at 14-20; that the IRS's position results in an unconstitutional Bill of Attainder, *id.* at 20-22; or that the IRS's position violates the APA, *id.* at 22-23.  To the extent that Mr. Summerour is contending that his Bill of Attainder argument provides an independent basis for subject-matter jurisdiction, ECF No. 18 at 23, his argument fails because the Anti-Injunction Act bars suits notwithstanding any constitutional challenges.  *See Alexander v. Ams. United Inc.*, 416 U.S. 752, 759 (1974).  Mr. Summerour remains free to raise those arguments in a refund suit.  *Williams Packing*, 370 U.S. at 7.